**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond J. Forbes et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SGB Corporation et al.,<br><br>    Defendants. | No. CV-12-1250-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Before the Court is the Motion to Dismiss the First Amended Complaint ("FAC") by Defendants CitiMortgage, Inc. ("CitiMortgage"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"). (Doc. 7.) Plaintiffs have responded, Defendants have replied, and the matter is fully briefed. (Doc. 11; Doc. 12.) The Court will grant Defendants' motion.

**BACKGROUND**

**I.  Factual Background**

On April 25, 2003, Plaintiffs Raymond J. Forbes and Korin L. Forbes, husband and wife, executed a Deed of Trust ("DOT") which secured a mortgage for real property located at 16313 East Villa Park Court, Higley, Arizona. (Doc. 7-1 at 2.)[1] The DOT named as

---

[1] Plaintiffs' FAC refers to and necessarily relies on the DOT, the assignment by MERS, and the Notice of Trustee's Sale, and these documents are central to Plaintiffs' claims. Thus, because they are attached as exhibits to Defendants' motion, and because no party disputes their authenticity, the Court may consider this evidence without converting this motion into a motion for summary judgment. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir., 2006).

lender Defendant SGB Corporation, d/b/a WestAmerica Mortgage Co., and named as trustee Transnation Title Insurance Co. (Id. at 2-3.) The DOT also named MERS as beneficiary, "acting solely as a nominee for Lender and Lender's successors and assigns." (Id. at 3.) The Deed also provided that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Id. at 12.)

On June 16, 2010, MERS assigned its interest as beneficiary under the Deed to CitiMortgage. (Id. at 21-22.) Plaintiffs apparently later defaulted on their loan at some unspecified time; after Plaintiffs' default, CitiMortgage substituted a trustee, and recorded notice of a trustee's sale. (Id. at 24-26.)

**II.   Procedural Background**

Plaintiffs initiated this suit against SGB Corporation, MERS, and Transnation Title Insurance Co., along with additional un-named Defendants. (Doc. 1.) Plaintiffs' FAC purports to assert six claims: (1) wrongful foreclosure; (2) fraud; (3) quiet title; (4) declaratory relief; (5) violation of the Real Estate and Settlement Procedures Act; and (6) violation of the Truth in Lending Act. (Doc. 3.)

Defendants now bring this motion to dismiss all of Plaintiffs' claims, asserting that these claims all rely on a "show me the note" theory of liability that fails as a matter of law. (Doc. 7.)

**LEGAL STANDARDS**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the plaintiff must simply allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. In evaluating a motion to dismiss, "all well-pleaded

allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998).

However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Likewise, "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Moreover, certain elements of fraud claims must satisfy a higher standard of pleading under the Federal Rules of Civil Procedure. In alleging fraud or mistake, malice, intent, knowledge, and other conditions of a person's mind may be alleged generally, but the circumstances must be alleged with particularity. Fed.R.Civ.P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly–Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001). Plaintiffs alleging fraud "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Schreiber Distrib. Co. v. ServWell Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986).

**DISCUSSION**

**I.    Motion to Dismiss**

The FAC identifies six causes of action: (1) wrongful foreclosure; (2) fraud; (3) quiet title; (4) declaratory relief; (5) violation of the Real Estate and Settlement Procedure Act, 12 U.S.C. § 2601 et seq.; and (6) violation of the Truth in Lending Act, 15 U.S.C. § 1641(g). Plaintiffs' allegations are all founded on the discredited "show me the note theory" that has been repeatedly rejected by this Court as well as the Arizona Supreme Court. In Hogan v.

Washington Mutual Bank, N.A., the Arizona Supreme Court held that "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure" and Arizona's trust deed statutes do not require compliance with the UCC before a trustee commences a nonjudicial foreclosure. __ Ariz. __, 277 P.3d 781, 782, 783 (2012). See, e.g., Geddes v. HSBC Bank USA, No. CV12-0667-PHX-FJM, 2012 WL 1977277, *1 (D. Ariz. 2012) (observing that in Hogan the Arizona Supreme Court confirmed what had long been the holding of the U.S. District Court for the District of Arizona and the Arizona Court of Appeals).

Regarding Plaintiffs' first claim, wrongful foreclosure, Arizona courts have not yet recognized a cause of action for wrongful foreclosure. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). Even in states that recognize a claim for wrongful foreclosure, such claims typically are available after foreclosure and premised either on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower. Id. Such allegations are not present here. Further, the wrongful foreclosure claim as alleged in the FAC relies on the discredited "show the note" theory.

Plaintiffs' second claim, fraud, alleges that Defendants misrepresented that they are the "holder and owner" of the Note and failed to disclose certain information about the securitization of the loan. The claim does not satisfy Rule 9(b)'s particularity requirement because it does not identify statements that were false in fact and by which Defendant they were made. Moreover, this claim too relies substantively on the discredited "show the note" theory.

Plaintiffs' third claim to quiet title and fourth claim for declaratory relief are dependent on establishing their other claims.

Plaintiffs' fifth and sixth claims under the Real Estate Settlement Procedure Act and Truth in Lending Act, respectively, are alleged against all Defendants and do not include enough factual content to allow the Court to draw a reasonable inference that any Defendant

is liable for any specific misconduct. Thus, these claims too must be dismissed for failure to state a claim. Therefore, all of Plaintiffs' claims will be dismissed because they fail to state a claim upon which relief can be granted.

**II.  Leave to Amend**

Plaintiffs respond to Defendants' motion by noting that they are proceeding without the benefit of legal counsel, and they request an opportunity to remedy any defects in their pleadings. (Doc. 11 at 2.)

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).

Here, it is plain from Plaintiffs' FAC that any amendment would be futile and subject to dismissal; Plaintiffs can not allege any plausible theory to impose liability on Defendants under the current state of the law. The Court therefore will not allow further amendment to the complaint.

**CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED granting** the Motion to Dismiss First Amended Complaint. (Doc. 7.)

**IT IS FURTHER ORDERED** directing the Clerk of Court to set aside the default entered September 17, 2012, against Defendant SGB Corporation. (Doc. 16.)

**IT IS FURTHER ORDERED dismissing with prejudice** all of Plaintiffs' claims in this suit.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

DATED this 10th day of December, 2012.

Stephen M. McNamee
Senior United States District Judge